IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANKLIN STANDRIDGE, JR.                                              PLAINTIFF

v.                                CIVIL NO. 21-2130

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Franklin Standridge, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for DIB on October 15, 2018, alleging an inability to work since May 21, 2018, due to myasthenia gravis and diplopia.  (Tr. 66, 173).  An administrative telephonic hearing was held on April 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 29-63).

By written decision dated November 18, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension, obesity, and diabetes mellitus. However, after reviewing all of the evidence presented, the ALJ determined

1

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). (Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a security guard. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 4, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and this case is before the undersigned for report and recommendation. (ECF Nos. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent

2

positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. P*earsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff had the RFC to perform a full range of light work. In doing so, the ALJ found explicitly found Plaintiff's double vision was not a severe impairment as it did not have more than a *de minimis* effect on his ability to perform basic work activities. (Tr. 18). A review of the record revealed that Plaintiff started experiencing vision problems in early 2018. In September of 2018, Dr. Elizabeth Sullivan noted that the antibody panel for myasthenia gravis was negative; however, Dr. Sullivan opined that Plaintiff's reported symptoms and clinical findings were most consistent with ocular myasthenia gravis. At that time, Dr. Sullivan diagnosed Plaintiff with ocular myasthenia gravis and diplopia. (Tr. 392). While the medical evidence revealed Plaintiff experienced some improvement with his double vision, by

March of 2019, his symptoms, to include blurred and double vision with bright lights or when he tried to focus, had returned. (Tr. 553). In June of 2019, Plaintiff reported to Dr. Sullivan that when he tried to focus on something he would sometimes cover his left eye to help with the blurred and double vision. (Tr. 559). In addressing Plaintiff's double vision complaint, the ALJ stated that Dr. Jenifer Doyle indicated in June of 2019 that the cause of Plaintiff's double vision was cataracts. (Tr. 18). However, a review of Dr. Doyle's treatment notes clearly set forth two separate diagnoses of nuclear sclerotic cataract right eye greater than left, and double vision. Dr. Doyle recommended Plaintiff see Dr. Murphy to undergo cataract removal. Following this procedure, Plaintiff was instructed to make an appointment with Dr. Doyle for an evaluation to check the status of his double vision so that further treatment could be discussed. Dr. Doyle noted this treatment could include the use of an eye patch or prisms. (Tr. 568-569). The ALJ also stated that in September of 2019, Dr. Murphy noted Plaintiff's double vision had resolved. (Tr. 19). However, a review of these records revealed Dr. Murphy's notation that Plaintiff's double vision was treated with patching his right eye when needed. (Tr. 572). At the hearing in April of 2020, Plaintiff testified that when he was in bright light or when he focused, he continued to have blurred and double vision and would need to use an eye patch a few times per week. After reviewing the record as a whole, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC, particularly his alleged vision impairment. It is noteworthy that the vocational expert testified that if Plaintiff had to use an eye patch a couple of days a week, he would not be able to perform work as a security guard. (Tr. 61).

      On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis

for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE